# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REUEL JACQUES ABALE GNALEGA, | ) )  )  )  )  ) |
| Plaintiff, | |
| v. | Case No. 18-cv-00514 (APM) |
| UNITED STATES OF AMERICA,[1] | |
| Defendant. | |

## ORDER

### I.

In his Second Amended Complaint, pro se Plaintiff Reuel Jacques Abale Gnalega alleges that he suffered an injury as a result of a nerve conduction test performed on his ankle in January 2014 by Dr. Michael H. Pfeiffer, an employee of the Washington DC Veterans Affairs Medical Center ("VA"). Sec. Am. Compl., ECF No. 31 [hereinafter Sec. Am. Compl.], ¶¶ 5–8. Plaintiff asserts a claim of negligence under the Federal Tort Claims Act premised on two theories.[2] First, he maintains that Dr. Pfeiffer negligently performed the nerve conduction test that caused his injury. *See id.* ¶¶ 6–7, 16. Second, he contends that the VA failed to disclose that Dr. Pfeiffer's credentials and qualifications "had been called into question at the VA." *See id.* ¶¶ 7–8. Plaintiff's Amended Complaint emphasized the first theory of negligence, and the court dismissed it as barred by the statute of limitations but granted Plaintiff leave to amend. *See* Mem. Op. and Order, ECF No. 29.

---

[1] Plaintiff's Second Amended Complaint listed the Washington Veterans Medical Center and the United States of America as Defendants. The United States of America is the only proper Defendant in this Federal Tort Claims Act case. *See Cureton v. U.S. Marshal Service*, 322 F. Supp. 2d 23, 25 n.4 (D.D.C. 2004).
[2] The court construes the complaint liberally because Plaintiff is proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Defendant once more moves to dismiss Plaintiff's action as time barred. *See* Def.'s Mot. to Dismiss, ECF No. 33 [hereinafter Def.' Mot.], at 2–4. Plaintiff counters that Defendant fraudulently concealed Dr. Pfeiffer's lack of credentials, thereby tolling the statute of limitations. *See* Sec. Am. Compl. ¶ 9; *see also* Pl.'s Opp'n to Def.'s Mot., ECF No. 35, at 5 (asserting that the "VA has incentive to cover up the injury caused by [Dr. Pfeiffer] because [he] doesn't have the proper credentials and the government knows this"). Defendant offers no response to this argument. *See generally* Def.'s Mot.; *see also* Def.'s Reply, ECF No. 36.

II.

"[C]ourts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). "[B]ecause statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred." *Id.* Plaintiff's allegation that the VA fraudulently concealed Dr. Pfeiffer's qualifications and credentials, if true, could toll the statute of limitations and make this case timely, at least in part. *See id.* ("A failure to disclose by one who has a duty to do so—such as someone standing in a fiduciary or confidential relationship—also can establish fraudulent concealment."). The negligence claim insofar as it is premised on a failure-to-disclose theory is thus not "conclusively time-barred."

Plaintiff's alternative theory of negligence—that Dr. Pfeiffer improperly performed the nerve conduction test—arguably is time barred for the reasons stated in the court's prior Memorandum Opinion and Order. *See* Mem. Op. and Order, ECF No. 29. Plaintiff has *not* alleged that the injury he suffered was somehow fraudulently concealed. Nevertheless, because Plaintiff's two theories of negligence are closely intertwined, the court will deny the motion to dismiss in its entirety. The statute of limitations defense remains available at the summary judgment stage.

III.

Defendant also seeks dismissal because Plaintiff improperly served the District of Columbia Attorney General, and not the United States Attorney for the District of Columbia, as required by Federal Rule of Civil Procedure 4(i). *See* Def.'s Mot. at 4–6. After Defendant filed its Motion, Plaintiff submitted proof that he served the complaint by mail on counsel of record for the United States. *See* ECF Nos. 37 and 39. This service is deficient in two respects. First, Plaintiff served counsel of record, not the United States Attorney for the District of Columbia. *See* Fed. R. Civ. P. 4(i)(1)(A)(i). And, second, even if such service were adequate, Plaintiff himself mailed the process, which he cannot do as a party to the case. *See* Fed. R. Civ. P. 4(c)(2).

Defendant has indicated that it may be willing to waive perfected service. *See* Def.'s Mot. at 6. Accordingly, by June 27, 2019, Defendant shall notify the court whether it is prepared to waive formal service of process. If not, Plaintiff shall have until July 26, 2019, to complete proper service under Rule 4(i).

Dated: June 20, 2019

Amit P. Mehta
United States District Court Judge